Daniel, Judge.
In the case of Osborne v. Cunningham, decided at this term, we have said that assumpsit for money paid will not lie, where one person pays the debt of another without his request, express or implied. In the case before us, the jury have found that there was no express request. The question then is, will the law imply a request. The counsel for the plaintiff assimilates the case to that of an endorser on a bill of exchange or promissory note, who has paid all and taken up the paper, or who has paid part: he may maintain assumpsit for money paid to the use of the acceptor of the bill or drawer of the note. Pownall v. Ferrand, 13 Engl. C. L. 230. The answer to this argument is, that the endorser of a bill or note is considered in law a surety. A bill is an undertaking by the acceptor, and *427 a note by the drawer, to pay the sum named at all events; and each subsequent party by his indorsement, undertakes to pay it upon the default of any prior party. Hence by the nature of these instru ments, each subsequent party is a surety for every prior one. Theobald on principal and surety, ISO. Fell on Guarantees, 203. But the plaintiff was not a regular in-dorser — he was a mere volunteer, or placed his name on the bond only at the instance of the agent of the then holder. As to compulsion ‘of law in paying the debt, it was a compulsion of the plaintiff’s own seeking, which arose out of his own voluntary act, and the case is not like Exall v. Partridge, 8 T. R. 308, when the money was paid by the party under compulsion of law, to redeem his property from a distress not of his own creation, Cumming v. Forrester, 1 Maul. & Selw. 494. The defendant has derived no benefit from the act of the plaintiff; the bond is not extinguished, and although said to be lost, a Court, of Law cannot take an indemnity from the plaintiff. We think, in this case, the law does-not imply a request to pay; and the judgment must be affirmed.
Per Curiam. Judgment affirmed.